UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROL A. TRUESDELL,                   :          Case No. 1:07-cv-334
                                      :
        Plaintiff,                    :          Weber , J.
                                      :          Black, M.J.
vs.                                   :
                                      :
COMMISSIONER OF                       :
SOCIAL SECURITY,                      :
                                      :
        Defendant.                    :


REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-
DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL
EVIDENCE, AND REVERSED; (2) JUDGMENT BE ENTERED IN FAVOR OF
PLAINTIFF AWARDING BENEFITS FOR A CLOSED PERIOD;
AND (3) THIS CASE BE CLOSED

This is a Social Security disability benefits appeal. At issue is whether the

administrative law judge ("ALJ") erred in finding plaintiff "not disabled" and therefore

unentitled to a period of disability and disability income benefits insurance ("DIB") and

Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") 17-25)

(ALJ's decision).)

I.

In August 2004 and January 2005, plaintiff filed an applications for DIB and SSI

alleging a disability onset date of June 20, 2004 due to foot problems. (*See* Tr. 63-65, 74,

78, 107.)

_____

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Her claims were denied initially and on reconsideration.  She then requested a hearing *de novo* before an ALJ.  A hearing was held on October 18, 2006, at which plaintiff appeared with counsel and testified.  (*See* Tr. 254-86.)  A vocational expert was also present and testified.

On October 27, 2006, the ALJ entered a partially favorable decision.  (Tr. 17-25.) The ALJ found that plaintiff remained capable of performing a limited range of sedentary work, and such work existed in significant numbers in the national economy.  (Tr. 24.) However, due to her age, pursuant to Grid Rule 201.01, plaintiff was disabled as of September 13, 2006.  Thus, the ALJ found plaintiff disabled beginning September 13, 2006, but not prior to that date.  (Tr. 24.)

That decision stands as Defendant's final determination consequent to denial of review by the Appeals Council on February 29, 2007. (Tr. 6-7.)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2.    The claimant has not engaged in substantial gainful activity since June 20, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3.    The claimant has the following severe combination of impairments: ruptured left tibialis posterior tendon, status post 7/20/2004 repair and synovectomy; sacroiliitis; depression; and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments

that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the requirements of work activity except as follows: She can lift/carry/push/pull up to 10 pounds occasionally and 5 pounds frequently. She can in combination stand and/or walk up to 2 hours per 8-hour workday; she can do so for 15 minutes at a time, with the option to then sit for 5 minutes. She can sit for 8 hours per 8-hour workday; she can do so for 1 hour at a time, with the option to then stand for 2-3 minutes. She can only occasionally stoop and climb ramps/stairs. She should not kneel, crouch, crawl, balance, or climb ladders/ropes/scaffolds. She should not operate controls with her left lower extremity or perform other work requiring the forceful use of the left lower extremity. She should not work at unprotected heights. The claimant cannot remember or carry out detailed instructions, and should not interact with the general public more than occasionally.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was 47 years old on the alleged onset date of disability. This is defined in the regulations as a younger individual age 45-49. On September 13, 2006, the claimant attained 50 years of age and her age category changed to an individual closely approaching advanced age (20 CFR 404.1563 and 416.963).

8.  The claimant has limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Prior to September 13, 2006, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills. Beginning on September 13, 2006, the claimant has not been able to transfer any job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Prior to September 13, 2006, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual

functional capacity, there were a significant number of jobs in the national economy that the claimant could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.996).

11.    Beginning on September 13, 2006, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are not a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

12.    The claimant was not disabled prior to September 13, 2006, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 19 - 25.)

The ALJ concluded that plaintiff was not entitled to a period of disability or disability insurance benefits from her alleged onset date of June 20, 2004 through September 12, 2006.  (Tr. 25.)

On appeal, plaintiff argues that the ALJ erred: (1) in determining plaintiff's residual functional capacity (RFC); and (2) in failing to find that plaintiff did not suffer from a disabling mental impairment.  Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  In performing this review, the Court considers the record as a whole.  *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, that

-4-

finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled.  As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

## A.

For her first assignment of error, plaintiff maintains that the ALJ erred in finding she had the ability to perform sedentary work.  Dr. Neff, plaintiff's treating physician, opined that plaintiff is unable to sit for a considerable amount of time due to sacroiliitis. The ALJ, however, found that plaintiff's inability to sit for prolonged periods is not well-substantiated.  Thus, his RFC determination found that plaintiff could sit for eight hours in an eight-hour workday, for one hour at a time with the option to then stand for two-to-three minutes.  (Tr. 20).

It is well established that the findings and opinions of treating physicians are entitled to substantial weight.  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997); s*ee also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are

uncontradicted, complete deference."); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *Lashley v. Secretary of HHS*, 708 F.2d 1048, 1054 (6th Cir. 1983).  Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Lashley v. Secretary of H.H.S.,* 708 F.2d 1048, 1054 (6th Cir. 1983).  If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2).  In weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole.  20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).

In November 2004, plaintiff underwent a psychological evaluation performed by Norman Berg, Ph.D.  During the evaluation, plaintiff reported that when she sits she has pain in the tailbone  (Tr. 174).  Plaintiff told Dr. Berg that she has had this pain for sometime, but it did not interfere with her previous employment because she did not do much standing (*Id.*)  Plaintiff further noted that she did not have medical insurance and could not afford to have her tailbone evaluated.

Moreover, Dr. Burg noted that although plaintiff did not appear to be in any physical pain, she was not required to do any strenuous or repetitive activity, nor was she required to sit for more than 45 minutes.  (Tr. 176.)  Dr. Berg further noted that plaintiff occasionally shifted her weight in the chair.

In April 2005, plaintiff was seen at Brown County Family Physicians complaining of pain in the tailbone.  (Tr. 208.)  Dr. Neff, plaintiff's treating physician, indicated that there was tenderness in her sacral area and tailbone and concluded that it was "probably arthritis"  (Tr. 207-08.)

In May 2005, Dr. Neff noted that plaintiff's low back "is significant for some tenderness along the SI joint" and he prescribed Celebrex.  (Tr. 206.)  Additionally, in a May 13, 2005 letter, Dr. Neff stated that plaintiff has been having pain in her hips, buttocks, and pelvis related to sitting and immobility.  He further noted that x-rays were negative for any bony abnormality, but he found that "based on history and exam I believe that she has sacroiliitis due to postural changes brought on by her chronic ankle injury.  (*Id.*)

In July 2005, upon examination, Dr. Neff found that plaintiff's sacral area is very tender to palpation over the coccyx and also into the sacroiliac joint on both sides of her pelvis.  (Tr. 205.)  Dr. Neff again stated that this is most likely arthritic.  He further opined, that although he did "not have a good study to support that, given her symptoms and history, it seems reasonable.  It is limiting her ability to work...."  (*Id.*)

In a July 6, 2005 letter, Dr. Neff reiterated that plaintiff has developed pain in her sacral area that prevents her from sitting for prolonged periods.  (Tr. 195.)  He further noted that his examination of plaintiff is consistent with arthritic changes in the sacroiliac area and his personal observation of her was that she was unable to sit in one position for a considerable amount of time. (*Id.*)

Additionally, plaintiff requested and was granted permission to stand during the hearing.  (Tr. 262.)

Here, Dr. Neff treated plaintiff on a monthly basis beginning in August 2003.  It seems evident that Dr. Neff is in the best position to give an opinion as to plaintiff's physical limitations.  Furthermore, as detailed above, Dr. Neff's findings, treatment and prescription history support plaintiff's claim that she is unable to sit for prolonged periods consistent with the ALJ's RFC finding.

Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

**B.**

For her second assignment of error, plaintiff maintains the ALJ erred in failing to

find that she suffered from a disabling mental impairment. Specifically, plaintiff argues that the ALJ erred in giving little weight to the records obtained from Brown County Recovery Services, where she was treated for depression. The undersigned agrees.

Here, the ALJ rejected the records from Brown County noting that Ms. Turner had only seen plaintiff for a few months and there was no indication that plaintiff's condition would continue at this severity level for the twelve months. Under the Social Security Act, an impairment must last twelve or more months to be considered disabling. *See* 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A).

However, contrary to the ALJ's findings, the evidence of record reflects that plaintiff began suffering from signs of depression as early as September 2004. Dr. Neff, her primary care physician, treated plaintiff for depression in excess of one year. He opined that her physical limitation brought on considerable depression and he treated with medication. (Tr. 195 ). However, by April 2006, Dr. Neff found it necessary to refer plaintiff to a psychiatrist.

Thereafter, plaintiff began treating at Brown Recovery Services (BCRS) in May 2006. At BCRS, she was treated by Marthe Turner, a nurse practitioner, and Dr. Weech, a psychiatrist. She was diagnosed with Major Depression, recurrent, severe, and Generalized Anxiety Disorder. (Tr. 248.)

On August 15, 2006, Dr. Weech, her treating psychiatrist, completed an Ability to do Work Related Activities (Mental) Form wherein he indicated that in each of her seven sessions she had demonstrated "extreme emotional /ability -- "that is may appear OK at the moment -- but with minor provocation – sobs uncontrollably. She demonstrates very

limited coping skills which are supported by a number of rigid responses." (Tr. 218-220).

Dr. Weech further opined that plaintiff's "history suggests long standing depression and anxiety that while involved in gross motor movements that provided a sort of outlet/relief and the only self worth validation, concealed her illness. Her psychosocial history, 4 marriages and an inability to change or influence the outcomes in her relationships or work environment ,solidified a powerless, helpless stance in her life. This is not easily changed." (*Id*.).

Thus, upon careful review, and based on the medical evidence of record, the undersigned finds that the ALJ's determination that plaintiff's depression and/or anxiety is not disabling because it did not last for one year is not supported by substantial evidence. As noted above, plaintiff's treatment for depression began in 2004 and continued through the date of the decision.

Additionally, in evaluating plaintiff's mental impairments, the ALJ further noted plaintiff's ability to attend to her personal need and perform simple math equations. The ALJ also stated that although plaintiff claimed to have no memory and concentration, she is generally able to quilt and study for her GED everyday. (Tr. 22.)

The ALJ failed to note that plaintiff has been unable to obtain a GED although she has taken the examination three times. (Tr. 260, 276.) More importantly, plaintiff's ability to engage in daily activities does not establish *ipso facto* that she is able to engage in gainful activity 40 hours per week. The ALJ erred by selectively relying on plaintiff's testimony regarding her daily activities. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th

Cir. 1998) ("[A] person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity.")  It is well recognized that a claimant's ability to perform limited and sporadic tasks does not mean she is capable of full-time employment.  *See Carradine v. Barnhart,* 360 F.3d 751, 755 (7th Cir. 2004); *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001).

Accordingly, based on the foregoing, the undersigned finds that plaintiff's assignments of error are well-taken.

## III.

When, as here, the nondisability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted.

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing."  42 U.S.C. § 405(g)*; Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher,* 17 F.3d at 176; s*ee also Abbott v. Sullivan,* 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 782 (6th Cir. 1987).

The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of

cumulative evidence, or where the proof of disability is overwhelming. *Faucher,* 17 F.3d at 176; s*ee also Felisky v. Bowen,* 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985). Such is the case here.

In view of the medical evidence, the opinions of plaintiff's treating physicians, and plaintiff's assertions of disabling pain, there exists substantial evidence of plaintiff's disability.

## IT IS THEREFORE RECOMMENDED THAT:

The decision of the Commissioner, that plaintiff was not entitled to a period of disability and disability income benefits from June 20, 2004 through September 12, 2006, be found **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED**; that this matter be **REMANDED** to the ALJ for an immediate award of benefits; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**

Date:   August 26, 2008              s/Timothy S. Black              
                                    Timothy S. Black
                                    United States Magistrate Judge

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

| | | |
|---|---|---|
| CAROL A. TRUESDELL, | : | Case No. 1:07-cv-334 |
| | : | |
|      Plaintiff, | : | Weber , J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
|      Defendant. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).